

**FILED**

AUG 0 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RUSTY JAMES ROGERS,<br><br>Petitioner,<br><br>vs.<br><br>MIKE FERRITER, Director, Department of Corrections; MARTIN L. FRINK, Warden, Crossroads Correctional Center,<br><br>Respondents. | CV 12–13–BU–DLC<br><br>ORDER |

United States Magistrate Judge Jeremiah Lynch issued findings and recommendations on May 29, 2013 to dismiss with prejudice Petitioner Rogers' petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). (Doc. 20.) Rogers timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The parties are familiar with the procedural history of this case, so it will only be discussed as necessary to provide context for the Court's

1

rulings on Rogers' objections.

Rogers filed his federal habeas petition under 28 U.S.C. § 2254 on March 9, 2012. Judge Lynch recommended that Rogers' petition be dismissed as time-barred because the statute of limitations for filing the petition expired as of September 17, 2011. Judge Lynch found Rogers' application for sentence review was not "pending" while Rogers sought post-conviction relief. According to Judge Lynch's calculations, the time for filing the habeas petition was not tolled while Rogers' sentence review application was held in abeyance. Thus, Rogers' habeas petition was untimely filed.

Rogers objected to Judge Lynch's findings and recommendation, arguing that his ongoing sentence review application triggered the collateral tolling provisions of 28 U.S.C. § 2244(d)(2) and should not be counted toward the period of limitation. Rogers contends that Judge Lynch's interpretation of "pending" was incorrect under 28 U.S.C. § 2244(d)(2). Rogers maintains that his application for sentence review was "pending" and, thus, his habeas petition was timely filed.

The primary issue before the Court is whether a sentence review proceeding held in abeyance is "pending" for purposes of calculating a habeas statute of limitations. This Court adopts Judge Lynch's recommendation in full and finds that Rogers' application for sentence review was not "pending" while Rogers

sought post-conviction relief and his federal habeas petition was time-barred. Rogers also objected to Judge Lynch's findings regarding procedural claims raised in his petition. Because Rogers' habeas petition is time-barred, the Court will not address these objections.

## I. Facts

Rogers properly filed an application for sentence review on February 7, 2006, five days after his sentencing. This initiated tolling under § 2244(d)(2) on the date his conviction became final, December 10, 2007. The Sentence Review Division initially scheduled a sentence review hearing on February 7, 2008. Rogers requested that the sentence review process be "pushed back as far as possible" until he exhausted all of his appeal options. On January 29, 2008 the Sentence Review Division vacated the February 7, 2008 hearing and held Rogers' application in "abeyance" pending notification to the Sentence Review Division within 60 days of the decision of Rogers' final appeal. At this point, beginning January 30, 2008, the federal clock began to run.

The federal clock stopped again 303 days later when Rogers filed his post-conviction petition on November 28, 2008. Rogers' post-conviction relief was denied by the Montana Supreme Court on May 17, 2011. Because the Sentence Review Division gave Rogers 60 days to reactivate his sentence review

3

application after that, time was tolled for Rogers until July 18, 2011. Rogers had until September 17, 2011, sixty days later, to file his habeas petition. Rogers did not file until March 9, 2012.

## II. Analysis

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prisoners have one year to seek habeas relief pursuant to 28 U.S.C. § 2254. Federal time is tolled when a properly filed application for state post-conviction or other pertinent collateral review is pending. 28 U.S.C. § 2244(d)(2). Even if equitable tolling is available, before considering whether equitable tolling applies "a court must first determine whether a petition was untimely under the statute itself." *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).

### A. Statutory Tolling

#### 1. Sentence Review is "Collateral Review" for Tolling Purposes

Tolling of the one-year or 180-day time limitations may occur while a state post-conviction or other collateral review is pending. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Collateral review, by definition, refers to "judicial review that occurs in a proceeding outside of the direct review process." *Wall v. Kholi*, 131 S. Ct. 1278, 1289 (2011). The Court in *Kholi* found a sentence reduction proceeding

4

was "collateral" because it was "a looking over or examination with a view to amendment or improvement" of a criminal judgment. *Id.* at 1285. A case is pending when it is "in continuance" or "not yet decided." *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). As in *Kholi*, sentence review in Montana "undoubtedly calls for 'review' of the sentence." 131 S. Ct. at 1286. Sentence review occurs in a proceeding outside of the direct review process. *Id.* at 1289. In this case, Rogers timely applied for sentence review within five days of his sentencing on February 6, 2006. Sentence review constitutes "other collateral review" for tolling purposes here.

### 2. Rogers' Sentence Review Application Was Not "Pending" While It Was Held in Abeyance

Rogers objects to Judge Lynch's limitation on the definition of "pending" based on policy considerations rather than the plain language of 28 U.S.C. § 2244(d)(2). Rogers argues under the plain language of 28 U.S.C. § 2244(d)(2) that his sentence review application was pending and, thus, tolled time, from the time he filed the application until the sentence review process was complete.

The federal limitations period may toll under § 2244(d)(2) while an application for collateral relief is "properly filed" and "pending." An application is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

5

(2000). Rogers properly filed his application for sentence review within sixty days of sentencing, pursuant to Mont. Code Ann. § 46-18-903(1).

An application is pending when it is in continuance or actively in progress. Judge Lynch found Rogers' application was no longer actively in continuance once the Sentence Review Division held the application in abeyance until Rogers exhausted his post-conviction remedies. Rogers argues his application was pending, or in continuance, for tolling purposes from the time he submitted the application until the sentence review was complete.

Rogers relies on the definition of pending from the Ninth Circuit decision in *Saffold v. Newland*, in which pending is defined as "the time [a state-court petition] is filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." 250 F.3d 1262, 1264 (9th Cir. 2000) (vacated by *Carey v. Saffold*, 536 U.S. 214)). Rogers further relies on *Wall v. Kholi* and argues the entire eleven-year time period of collateral proceedings was tolled for the petitioner in that case. 131 S. Ct. at 1288. Yet, Rogers contends, that petitioner's collateral proceedings were not on "active" status throughout the entire eleven year duration. Rogers argues that this Court, to be consistent, should apply the *Kholi* standard. The Court, however, agrees with Judge Lynch's findings that time should toll under § 2244(d)(2) while Rogers'

6

application for sentence review was actively in progress, and not while his application was held in abeyance.

There is a distinct difference between Rogers' case and *Kholi*. In *Kholi*, the petitioner's application was pending throughout his entire sentence reduction and other collateral proceedings. Unlike Rogers, Kholi's application was never "held in abeyance" by a collateral review board. Nothing in *Kholi* shows that the petitioner's application for sentence reduction ever went on inactive status during his collateral proceedings. At the time Rogers' application was held in abeyance by the Sentence Review Division, it was no longer pending for statutory tolling purposes. Only while Rogers' application was actively being considered (or no longer held in abeyance) did time run. Because Rogers' sentence review proceeding was held in abeyance, and no such tolling occurred in *Kholi*, Rogers' argument under *Kholi* fails.

At a policy level, allowing the entire time period to toll between the time an application for sentence review is filed until the end of the sentence review process would effectively increase the federal limitations period by over two years while the prisoner filed post-conviction petitions under the time-shelter of his or her "pending" sentence review application. In essence, prisoners would be allowed to stall, at will, the process of final judgment. This policy stands in stark

7

opposition to the intent behind AEDPA as well as the intent behind sentence review and other collateral procedures adopted by the Montana Legislature.

Tolling began on December 10, 2007, the date Rogers' conviction became final, and lasted until January 29, 2008, when the Sentence Review Division ordered Rogers' application to be held in abeyance until Rogers exhausted his petitions for post-conviction relief. Once Rogers' sentence review application was held in abeyance, it was no longer pending for tolling purposes. The federal clock ran for 303 days from the time at which Rogers' application was held in abeyance, starting January 30, 2008, to the date Rogers filed his petition for post-conviction relief on November 28, 2008. Time tolled again from the date Rogers filed his petition for post-conviction relief on November 28, 2008 until July 18, 2011, sixty days after the Montana Supreme Court denied his post-conviction petition. Rogers had sixty days after his post-conviction proceedings to reactivate his sentence review application, but he did not. At this point, on July 19, 2011, the federal clock began to run again. With sixty days remaining on the federal clock, Rogers had until September 17, 2011 to file his federal habeas petition. Rogers did not file his habeas petition until March 9, 2012. Thus, the Court finds Rogers' habeas petition time-barred. Rogers' procedural objections will therefore not be addressed.

## III. Conclusion

The Court agrees with Judge Lynch's findings and recommendation that Rogers' federal habeas petition is time-barred and he is not entitled to equitable tolling of the federal limitations period.

IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 20) are ADOPTED in full.

2. Rogers' Petition (doc. 1) is DISMISSED WITH PREJUDICE as time-barred and Claim 1 is DISMISSED WITH PREJUDICE as procedurally barred.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED as to procedural default of Claim 1 and GRANTED on the issue of whether and when sentence review proceedings in Montana toll the federal limitations period under 28 U.S.C. § 2244(d)(2).

Dated this 2nd day of August 2013.

Dana L. Christensen, Chief Judge
United States District Court

9